**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty Jean Senesac, | No. CV-23-00549-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Betty Jean Senesac's Application for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, "Pl. Br."), Defendant Social Security Administration Commissioner's Answering Brief (Doc. 16, "Def. Br."), and Plaintiff's Reply (Doc. 19). The Court has reviewed the briefs and Administrative Record (Docs. 8-9, "R.") and now reverses the decision of the Administrative Law Judge ("ALJ") (R. at 25-40) as upheld by the Appeals Council (R. at 1–4).

**I.    BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on October 28, 2020, for a period of disability beginning August 13, 2013. (R. at 25.) Plaintiff's claims were initially denied on February 23, 2021, and upon reconsideration on June 28, 2021. (R. at 25.) Plaintiff then testified at a hearing held before

an ALJ on November 4, 2021. (R. at 47–80.) On February 1, 2022, the ALJ denied Plaintiff's Applications (R. at 25–40), and on February 9, 2023, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (R. at 1–4). On March 31, 2023, Plaintiff filed this action seeking judicial review of the denial. (Doc. 1.)

The Court has reviewed the medical evidence and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease, obesity, major depressive disorder, panic disorder, and post-traumatic stress disorder. (R. at 29.)

Ultimately, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404." (R. at 19.) The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform "light work" but with several physical and environmental limitations. (R. at 32.) Based on the vocational expert's answers to hypothetical questions, the ALJ concluded that Plaintiff could perform work as a shipping/receiving weigher, a self-service cashier, or a routing clerk and is not disabled under the Act. (R. at 39.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of

supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III.  ANALYSIS

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred by concluding that Plaintiff's migraines were not a severe impairment, and (2) the ALJ erred in considering Plaintiff's symptom testimony.

The Court briefly addresses the first argument. Plaintiff contends the ALJ committed materially harmful error by finding Plaintiff's migraines to be a non-severe impairment at step two of the five step process. (Pl. Br. at 17.) At step two, "the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289–90 (9th Cir. 1996). Only one severe impairment is required for a claimant to survive the step two analysis. *Id*. And the ALJ must consider all medically determinable impairments when calculating a claimant's RFC, regardless of whether they are severe. *Id.*; 20 C.F.R. § 404.1523. Consequently, an ALJ's errant failure to treat an impairment as severe is typically harmless if the claimant survives step two and the ALJ considers all the impairments, severe or otherwise. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). Here, Plaintiff survived step two, and the ALJ considered "all symptoms," including Plaintiff's migraines. (R. at 32–38.) Therefore, any alleged error would be harmless.

Plaintiff also argues that the ALJ erred by rejecting her symptom testimony without providing specific, clear, and convincing reasons supported by substantial evidence. (R. at 8.) At the hearing, Plaintiff testified that she suffers from chronic migraines and back, neck, and leg pain. (R. at 33.) She stated that her back, neck, and leg pain occurred every day, and her migraines occurred about every other day and would last a few hours. (R. at 33.) When Plaintiff would experience a migraine, she would try "to lay down in a dark, cold room where it's quiet" to take a nap. (R. at 65.) Plaintiff added that she would often nap for twenty minutes to an hour or more. (R. at 33.) She also stated that she sometimes has difficulty walking and struggles to sit for long periods of time. (R. at 33.) She could walk for fifteen to twenty minutes before needing to rest, and she could sit for only twenty to thirty minutes. (R. at 33.) Plaintiff claimed to have sleep apnea and uses a CPAP. (R. at 33.) She also reported stage three kidney failure with symptoms including dizziness and lightheadedness. (R. at 33.)

An ALJ performs a two step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ

evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*)). If the claimant presents such evidence, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen*, 80 F.3d at 1281).

"In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. Additionally, if the ALJ rejects a Plaintiff's symptom testimony for a single permissible purpose, then the ALJ's errant rejection of the testimony for other additional reasons is harmless. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Here, the ALJ found that Plaintiff's testimony satisfied the first step. But at the second step, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision." (R. at 24.)

Upon review, however, the Court finds almost no "reasons explained in [the] decision." The ALJ erred by not specifying the portions of Plaintiff's testimony that were inconsistent with the medical evidence. With one exception, the ALJ merely summarized Plaintiff's testimony about her symptoms and then summarized the medical evidence without making any express connection between the two. (R. at 33–37.) This is both insufficient and contrary to the Ninth Circuit's instructions. *See Smolen*, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); *Garrison*, 759 F.3d at 1014; *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) (explaining that the ALJ erred when he "did

not elaborate on which daily activities conflicted with which part of claimant's testimony"). And although Defendant attempts to make the requisite connections in the answering brief (Def. Br. 5–10), such *post hoc* rationalizations cannot form the basis for affirming. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (stating that the Court must be able to "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). The ALJ simply recited the medical evidence without connecting it to specific testimony, which is not a clear and convincing reason to discount Plaintiff's symptom testimony.

The only portion of testimony the ALJ rejected with a specific and clear connection to the medical evidence was Plaintiff's reported need for naps. (R. at 35.) The ALJ remarked that Plaintiff "reported taking naps everyday but there is no evidence this was recommended by a doctor or otherwise medically necessary; as such, this appears to be a self-imposed restriction." (R. at 35.) But as mentioned, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d 680. Because the ALJ provides no other reason to reject Plaintiff's testimony on this point, the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony.

Having shown that reversal is warranted, Plaintiff urges the Court to apply the credit-as-true rule. (Pl. Br. at 19.) The credit-as-true rule only applies in cases that raise "rare circumstances" that permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are

considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

In this case, the ordinary remand rule applies. The record is not sufficiently developed as to the reasons for rejecting Plaintiff's symptom testimony, nor is the Court satisfied that there is no uncertainty as to the outcome of the proceedings. Accordingly, the Court will remand this matter to the ALJ for further proceedings, including further development of the record as necessary.

**IT IS THEREFORE ORDERED** reversing the decision of the Administrative Law Judge ("ALJ") (R. at 25–40) as upheld by the Appeals Council (R. at 1–4).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with the Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with the Order and close this case.

Dated this 25th day of March, 2024.

Honorable John J. Tuchi
United States District Judge